**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL LAWONE LAKE | |
| Appellant | No. 49 MDA 2016 |

Appeal from the Judgment of Sentence December 11, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007090-2013

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED SEPTEMBER 09, 2016**

Appellant Michael Lawone Lake appeals from the December 11, 2015 judgment of sentence entered in the York County Court of Common Pleas. He argues the trial court erred when it found Appellant was a sexually violent predator ("SVP").  We affirm.

On March 2, 2015, Appellant pled guilty to corruption of minors, indecent exposure, and unlawful contact with minor.[1]  The trial court ordered a sex offender assessment pursuant to 42 Pa.C.S. § 9799.24.  On December 11, 2015, the trial court held a hearing to determine whether Appellant was an SVP.  At the hearing, the Commonwealth presented the testimony of Dr.

---

[1] 18 Pa.C.S. §§ 6301(a)(1), 3127, and 6318, respectively.

Robert Stein. Appellant presented the testimony of Dr. Timothy Foley. Both were accepted as experts.

Dr. Stein testified regarding the 15 factors to be considered when determining whether someone is an SVP. N.T., 12/11/2015, at 7-13. Dr. Stein found that Appellant suffered from other specified paraphilic disorder: non-consent. *Id*. at 13-14. He also found Appellant's behavior was predatory. Commonwealth's Exh. A, SVP Assessment, at 6. He concluded, to reasonable degree of professional certainty, that Appellant met the criteria to be classified as an SVP. N.T., 12/11/2015, at 14.

Dr. Foley testified that he also reviewed the 15 factors, as well as an assessment tool known as Static 99. N.T., 12/11/2015, at 50-52. He concluded Appellant did not meet the definition of an SVP and found Appellant did not suffer from a mental abnormality. *Id.* at 51-52.

Following the hearing, the trial court found Appellant suffered from other specified paraphilic disorder: non-consent and that the disorder increased his likelihood of predatory behavior. N.T., 12/11/2015, at 58. The court found the Commonwealth established by clear and convincing evidence that Appellant met the definition of an SVP. *Id.* In its opinion submitted pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court noted that Dr. Stein's testimony was "particularly credible." 1925(a) Opinion, filed 2/29/2016, at 10.

On December 11, 2015, the same day as the SVP hearing, the trial court sentenced Appellant to 2½ to 5 years' imprisonment.[2]

On January 8, 2016, Appellant filed a notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue on appeal:

> Whether the trial court erred when it found that there was clear and convincing evidence that [Appellant] was a sexually violent predator?

Appellant's Brief at 4.

A challenge to a trial court's determination that a defendant is an SVP is a challenge to the sufficiency of the evidence. *Commonwealth v. Meals*, 912 A.2d 213, 218 (Pa.2006). This Court's standard of review is *de novo* and our scope of review is plenary. *Id.* When reviewing a challenge to a trial court's SVP determination, this Court must view the evidence "in the light most favorable to the Commonwealth." *Commonwealth v. Prendes*, 97 A.3d 337 (Pa.Super.2014) (quoting *Commonwealth v. Plucinski*, 868 A.2d 20, 25 (Pa.Super.2005)). Further, this Court "may not weigh the evidence or substitute its judgment for that of the trial court." *Id.*

---

[2] The trial court imposed a sentence of 2½ to 5 years for both the corruption of minors and indecent exposure convictions and a sentence of 1½ to 3 years for the unlawful contact with minor conviction. All sentences were concurrent.

Where a defendant has been convicted of a sexually violent offense, a court shall order the Sexual Offenders Assessment Board ("SOAB") to conduct an assessment to determine whether the defendant is an SVP. 42 Pa.C.S. § 9799.24(a). Section 9799.24(b) governs assessments to determine whether a defendant is an SVP and provides:

> **(b) Assessment.**—Upon receipt from the court of an order for an assessment, a member of the board . . . shall conduct an assessment of the individual to determine if the individual should be classified as a[n SVP]. The board shall establish standards for evaluations and for evaluators conducting the assessments. An assessment shall include, but not be limited to, an examination of the following:
>
> (1) Facts of the current offense, including:
>
> > (i) Whether the offense involved multiple victims.
> >
> > (ii) Whether the individual exceeded the means necessary to achieve the offense.
> >
> > (iii) The nature of the sexual contact with the victim.
> >
> > (iv) Relationship of the individual to the victim.
> >
> > (v) Age of the victim.
> >
> > (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
> >
> > (vii) The mental capacity of the victim.
>
> (2) Prior offense history, including:
>
> > (i) The individual's prior criminal record.
> >
> > (ii) Whether the individual completed any prior sentences.
> >
> > (iii) Whether the individual participated in available programs for sexual offenders.
>
> (3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S. § 9799.24(b).

Following the assessment, the trial court conducts a hearing to determine whether the defendant is an SVP. This Court has explained:

> "To deem an individual a[n SVP], the Commonwealth must first show [the individual] 'has been convicted of a sexually violent offense as set forth in [section 9799.14] . . . .'" ***Commonwealth v. Askew***, 907 A.2d 624, 629 (Pa.Super.2006), ***appeal denied***, 919 A.2d 954 ([Pa.]2007). ***See also*** 42 Pa.C.S.A. § 9799.12. "Secondly, the Commonwealth must show that the individual has 'a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses.'" ***Askew, supra***. When the Commonwealth meets this burden, the trial court then makes the final determination on the defendant's status as an SVP. [***Commonwealth v. Kopicz***, 840 A.2d 342, 351 (Pa.Super.2003)].
>
> An SVP assessment is not a trial or a separate criminal proceeding that subjects the defendant to additional punishment. ***Commonwealth v. Howe***, 842 A.2d 436, 445–46 (Pa.Super.2004). SVP status, therefore, does not require proof beyond a reasonable doubt; the court decides SVP status upon a show of clear and convincing evidence that the offender is, in fact, an SVP. ***Commonwealth v. Killinger***, [] 888 A.2d 592, 600 ([Pa.]2005).

*Prendes*, 97 A.3d at 357-58. "The clear and convincing standard requires evidence that is so clear, direct, weighty and convincing as to enable [the trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [at] issue." *Id.* at 355 (quoting *Commonwealth v. Plucinski,* 868 A.2d 20, 25 (Pa.Super.2005)).

Further,

> [T]here is no statutory requirement that all of [the statutory factors] or any particular number of them be present or absent in order to support an SVP designation. The factors are not a checklist with each one weighing in some necessary fashion for or against SVP designation. [*Commonwealth v.] Brooks*, [7 A.3d 852,] 863 [(Pa.Super.2014)]. Thus, "[t]he Commonwealth does not have to show that any certain factor is present or absent in a particular case." *Id.* Moreover, "the absence of an interview does not preclude the ability to evaluate the offender's behavior through available history for characteristics similar or dissimilar to the criteria set forth in the law for defining a[n SVP]." *Commonwealth v. Woods,* 909 A.2d 372, 381 (Pa.Super.2006), *appeal denied,* 919 A.2d 957 ([Pa.]2007). Likewise, "to carry its burden of proving that an offender is an SVP, the Commonwealth is not obliged to provide a clinical diagnosis by a licensed psychiatrist or psychologist . . . ." *Commonwealth v. Conklin,* 897 A.2d 1168, 1178 ([Pa.]2006).

*Prendes*, 97 A.3d at 358-590.

The trial court found:

> [B]ased upon clear and convincing evidence presented by the Commonwealth, [Appellant] (1) suffers from "Other Specified Paraphilic Disorder: Non-Consent," and (2) that this disorder increases [Appellant's] likelihood of predatory behavior.

At the hearing, the Commonwealth presented expert testimony from Dr. Robert Stein, a licensed psychologist and member of the SOAB. [Appellant] presented Dr. Timothy Foley, a licensed psychologist in private practice. This court accepted both witnesses as experts in the field of sexual offender assessment after stipulations between the Commonwealth and [Appellant]. (N.T. SVP Hearing, 12/11/15, at 3, 29.)

Dr. Stein, the Commonwealth's expert witness, reviewed the fifteen statutory factors . . . . (See Com.'s Ex. 1 at numbered pages 4-5.) Based upon this review, Dr. Stein testified it was his opinion that [Appellant] suffers from Other Specified Paraphilic Disorder: Non-Consent. *Id.* at 6; (N.T. SVP Hearing, 12/11/15, at 9). In support of his diagnosis, Dr. Stein highlighted various facts of the case, including a more than two year duration of sexual abuse, [Appellant's] apparent sexual obsession with the victim, and [Appellant's] sexually deviant behaviors with the victim over a period of greater than six months. *Id.* at 5.

Specifically, with respect to [Appellant's] deviant behavior, Dr. Stein cited the victim's lack of consent both by age and behavior, and that [Appellant] and victim were not engaged in a dating relationship. *Id.* Further supporting the deviance of [Appellant's] acts, Dr. Stein testified he found an "element of cruelty" in [Appellant's] habit of ejaculating into the victim's mouth. (N.T. SVP Hearing, 12/11/15, at 7.) Dr. Stein also noted [Appellant's] "extensive antisocial history" as an aggravating factor in forming his diagnosis. (Com.'s Ex. 1 at numbered page 5.)

Dr. Stein opined that [Appellant's] disorder is an incurable, lifetime condition and was the impetus to commit the sexual offenses. Further, he concluded that this condition overrode [Appellant's] emotional or volitional control, and that sufficient evidence existed that [Appellant] would reoffend. *Id.*

Dr. Stein posited that [Appellant's] behavior with the victim was predatory[3] in nature, as [Appellant] veiled his sexually deviant acts under the guise [Appellant] was protecting her from being raped. "Such convoluted reasoning," Dr. Stein stated in his report, "served to establish, maintain and promote a sexually victimizing relationship." *Id.*

[Appellant] presented expert testimony from Dr. Timothy Foley, who concluded in his professional opinion upon review of the fifteen statutory factors, as well as an assessment tool known as the "Static 99," that [Appellant] did not meet the definition of an SVP. (N.T. SVP Hearing, 12/11/2015, at 36.) Dr. Foley posited that [Appellant] did not suffer from a "mental abnormality." *Id.* at 37.

Dr. Foley raised questions regarding the diagnosis of Other Specified Paraphilia: Non-Consent. In his opinion, a specification of non-consent was "incredibly vague" making [Appellant's] diagnosis "unreliable." (N.T. SVP Hearing, 12/11/2015, at 31, 37). Notably, however, Dr. Foley admitted that their profession vests Dr. Stein with some degree of flexibility in diagnosing [Appellant] with Other Specified Paraphilia. *Id.* at 32.

Even assuming, arguendo, that Dr. Foley argued, and this Court accepted as true, a diagnosis of a paraphilic disorder: non-consent is not generally accepted in the field of psychology, such evidence does not prohibit this court from finding that he meets the definition of an SVP under the statute. ***Commonwealth v. Dengler***, [] 890 A.2d 372, 383 ([Pa.]2005) ("The [Megan's Law] statute does not require proof of a standard of diagnosis that is commonly found and/or accepted in a mental health diagnostic paradigm.") Rather, the diagnosis upon which this court relies must track the statutory constructs promulgated by the General Assembly. *Id.*

---

[3] Predatory is defined as "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." 42 Pa.C.S. § 9799.12.

> This Court questioned Dr. Foley's credibility upon cross-examination, when he skirted questions by the attorney for the Commonwealth relating to whether [Appellant's] sexual acts with the victim were, in fact, sexually deviant. Instead of answering the question directly, Dr. Foley - to use his own language – "tried to parse" his response.[9] *Id.* at 39
>
> > [9] Dr. Foley agreed "that committing a sexually violent act towards an adolescent certainly deviates from the norm." *Id.* at 39.
>
> This court found Dr. Stein's expert opinion, which was made within a reasonable degree of professional certainty, particularly credible. Thus, this court found sufficient evidence existed to support a finding that [Appellant] meets the statutory definition as a[n SVP].
>
> This court found the Commonwealth proved by clear and convincing evidence that [Appellant] suffered from a mental abnormality, Other Specified Paraphilia: Non-Consent, and that [Appellant's] behavior was predatory.
>
> Resultantly, this court concluded that [Appellant] meets the statutory definition of a[n SVP].

Pa.R.A.P. 1925(a) Opinion, filed 2/29/2016, at 6-10.

We agree with the trial court's analysis and its conclusion that the Commonwealth established, by clear and convincing evidence, that Appellant was an SVP.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2016